Julia Mason **KIDWELL** and Edgar **Kidwell, her husband, Appellants,**

v.

Ernie **MASON** and Myrtle Mason, his **wife, Appellees.**

Supreme Court of Kentucky.

April 11, 1978.

Joseph E. Lambert, Mount Vernon, for appellants.

Jerry J. Cox, Clontz & Cox, Mount Vernon, for appellees.

STERNBERG, Justice.

The 12-year marriage of Julia and Ernie was dissolved by a decree of the Rockcastle Circuit Court on March 22, 1974. During their marriage they acquired two tracts of land in their joint names. The trial judge concluded that the effect of these two deeds was to convey an undivided one-half interest to each of them. The decree dissolving the marriage made no provision for the assignment of any property. (KRS 403.-190). It merely dissolved the marriage and restored Julia to the use of her maiden name. Both parties have married and the spouse of each is a party to this proceeding.

On March 27, 1976, Julia filed a suit seeking a sale of the property and a division of the proceeds. (KRS 389.020). Ernie filed an answer and counterclaim in which he alleged that Julia, by her action and conduct in the dissolution of marriage action, was estopped to and had waived any interest or claim she may have in or to these properties. Ernie also moved the judge of the Rockcastle Circuit Court to redocket the divorce action and to correct the judgment entered therein so as to order Julia to execute a deed to him for any and all interest she may have in or to these properties. The two actions were consolidated. A summary judgment was entered on July 7, 1976, ordering Julia to make such a conveyance within thirty days from the date of the judgment.

An appeal was taken to the Court of Appeals of Kentucky, where the action of the trial judge was affirmed. A motion for discretionary review was granted by this court on September 13, 1977.

In his opinion the trial judge presented and discussed the factual background leading up to the entry of the decree of March 22, 1974. The court, however, stated the issue to be as follows:

"The question presented to the Court is whether the decree of dissolution of marriage of March 22, 1974, amounted to a final settlement of property rights between Mrs. Kidwell and Mr. Mason thereby precluding any further claims by Mrs. Kidwell to the property including a claim to have it sold as asserted in the instant action."

In affirming the judgment of the Rockcastle Circuit Court, the Court of Appeals, by an opinion rendered March 11, 1977, said:

"* * * It is our opinion that the record sustains the finding of the trial court that Mrs. Mason waived her interest in any marital property held by the parties during their marriage. * * *"

The appellants state the issues as follows:

"A. Are the two tracts of land in controversy marital property?

B. Did the 1974 judgment in the prior divorce proceeding settle marital property rights and preclude appellant, Mrs. Kidwell, from bringing her action for division thereof?

C. Did statements of appellant, Mrs. Kidwell, in the prior divorce proceeding effectively transfer her rights to division of marital (real) property to appellee, Mr. Mason?

D. Was the 'understanding', if any, made by the parties unconscionable as to appellant, Mrs. Kidwell?"

We are at once faced with *Ping v. Denton, Adm'x etc.*, Ky., 562 S.W.2d 314 (rendered February 21, 1978), which is dispositive of this appeal. In considering the propriety of making restoration of property subsequent to the entry of a final decree where no reservation of that issue was provided for in the decree, after quoting from KRS 403.190, we said:

"This statute mandates the trial judge to assign each spouse's property to him. Like other issues of fact, the interests of James and Iva were proper for inquiry and adjudication. The decree of dissolution of marriage, including the assignment of property, like other civil judgments became final ten days after its decree. CR 59.02 and 59.04. Thus, unlike KRS 403.060 and 403.065, it does not leave open for subsequent inquiry the

rights of either or both that have not been adjudicated upon the final determination of the controversy. The insurance policy, with Iva as the named beneficiary, existed at the time their marriage was dissolved and the decree entered. It also was the proper subject of inquiry and adjudication. Any interest that either James or Iva may have had in or to any property, estate or interest of the other, which remained undisposed of by the trial judge, is in the posture as if the court had so adjudged their respective interests."

The judgment of March 22, 1974, has the same effect as if the trial judge had specifically written therein that Julia and Ernie each owned an undivided one-half interest in and to the subject property.

We are of the opinion that both the trial judge and the Court of Appeals of Kentucky erred in attempting to modify the decree of March 22, 1974.

The judgment is reversed for proceedings consistent with this opinion.

All concur.