**B. F. TAYLOR, Appellant,**

v.

**Wanda Lee TAYLOR, Appellee.**

Court of Appeals of Kentucky.

April 4, 1980.

Rehearing Denied May 16, 1980.

Robert P. Hastings, Hardy, Logan & Hastings, Stuart A. Handmaker, Handmaker, Weber & Meyer, Louisville, for appellant.

James T. Carey, Louisville, for appellee.

Before GANT, HOWERTON and VANCE, JJ.

GANT, Judge.

This lengthy divorce action, including a gross estate of some $5,735,000 and about 1,000 pages of testimony, concluded on September 28, 1978, with a division and allocation of the property of the parties. As a part of the final order, appellee/wife was awarded an apartment complex in Indianapolis, Indiana, with a fair market value of $2,300,000.00, and an outstanding mortgage of $1,772,772.00. The order directed that appellee should assume the assets and liabilities of this complex as of April 30, 1978.

Subsequent to the finality of the September 28, 1978 order, appellee discovered a tax warrant against the complex which was filed June 1, 1977 by the State of Indiana, and filed motion pursuant to CR 60.02 asking appellant/husband to be required to pay the $8,533.49 amount, plus interest. The court entered its order adjudging this to be the joint obligation of the parties, and the husband appeals.

Both parties rely on *Ping v. Denton*, Ky., 562 S.W.2d 314 (1978), and *Kidwell v. Mason*, Ky., 564 S.W.2d 534 (1978). We feel that their reliance is misplaced, as nothing in those cases abrogates an aggrieved party's right to utilize CR 60.02.

CR 60.02 provides relief from a final order under numerous grounds, including: (a) mistake; (c) perjury or falsified evidence. Motions under either of these two causes must be made within one year. In the instant case, the order became final in October, 1978, and motion to amend was made January 5, 1979. Under the facts of this case, either of the two grounds would have been applicable.

The judgment is affirmed.

All concur.