Helen FRY (formerly Kersey), Appellant,

v.

Bobby KERSEY, Appellee.

No. 91-CA-002068-S.

Court of Appeals of Kentucky.

June 26, 1992.

Gordon J. Dill, Ashland, for appellant.

John F. Vincent, Ashland, for appellee.

Before EMBERTON, HUDDLESTON and STUMBO, JJ.

HUDDLESTON, Judge.

Helen Fry appeals from a 1991 Boyd Circuit Court order which overruled her CR 60.02(f) motion to reopen the 1986 final decree dissolving her marriage to Bobby Kersey. Fry argues that because the trial court did not allocate Kersey's pension plan when it distributed the parties' other marital assets, the case should be remanded to the trial court with directions to distribute the retirement benefits between the parties.

In 1978, the Supreme Court, in separate opinions, held that any interest that a party may have in the property of the other which is not disposed of by the trial court in the dissolution decree remains "in the same posture as if the court had so adjudged their respective interests." *Ping v. Denton*, Ky., 562 S.W.2d 314, 317 (1978). See also *Kidwell v. Mason*, Ky., 564 S.W.2d 534 (1978). Thus, if Fry had an interest in Kersey's pension plan at the time of the decree, she would still have an interest in the plan after the decree was entered, even if the pension was not disposed of by the trial court at that time.

We have stated on several occasions that whether the plan is contributing or noncontributing, the operative factor in determining whether benefits under a pension plan are marital or nonmarital property in dissolution actions is whether vesting has occurred. *Ratcliff v. Ratcliff*, Ky. App., 586 S.W.2d 292, 293 (1979); *Foster v. Foster*, Ky.App., 589 S.W.2d 223, 224 (1979). In *Foster*, we said that vesting occurs when "the [spouse is] entitled to receive monthly payments upon termination for any cause, with only the amount to be fixed." *Id.* at 224. We have also determined that pension benefits that have not vested are too speculative to be considered marital property. *Ratcliff* at 293. Consequently, in assigning pension benefits as marital or nonmarital property, the trial court must determine whether the pension has vested. In this case, there is no evidence to indicate whether or not vesting had occurred when the dissolution decree was entered.

Fry argues that extraordinary circumstances exist in this case to justify reopening the dissolution decree under KRS 403.250 and CR 60.02(f) so that Kersey's pension plan may be apportioned between the parties.

In *Taylor v. Taylor*, Ky.App., 598 S.W.2d 764 (1980), we held that "nothing in [*Ping* or *Kidwell*] abrogates an aggrieved party's right to utilize CR 60.02." *Id.* at 764.

Having established that a decree of dissolution does not preclude a party from taking action to recover unassigned property in which he or she had an interest at the time of the decree, and that CR 60.02 may be a proper vehicle for reopening the decree, we must now determine whether the facts as contained in the record justify reopening the 1986 divorce decree under CR 60.02(f).

In pertinent part, KRS 403.250(1) provides that "[t]he provisions [of a dissolution decree] as to property disposition may not be revoked or modified, unless the

court finds the existence of conditions that justify the reopening of a judgment under the laws of this state." The law of this state relating to the reopening of decrees is found in CR 60.02. Under the residual clause of that rule, a judgment may be set aside for "reason[s] of an extraordinary nature justifying relief." CR 60.02(f). Kentucky's highest court has warned, however, that "because of the desirability of according finality to judgments, this clause must be invoked only with extreme caution, and only under most unusual circumstances." *Cawood v. Cawood,* Ky., 329 S.W.2d 569, 571 (1959). To the same effect is *Bishir v. Bishir,* Ky., 698 S.W.2d 823, 826 (1985).

The trial court apparently did not believe that such compelling circumstances exist in the present case to justify disturbing the decree, and we agree. Nearly five years elapsed between the entry of a decree dissolving the parties' marriage and the filing of Fry's CR 60.02(f) motion. Prior to that time, Fry had several occasions to discuss marital assets with the domestic relations commissioner and the trial court, but failed to mention the pension plan. Fry did not move the court to alter or amend its decree to deal with pension benefits, nor did she challenge it on appeal.

In *Schott v. Citizens Fidelity Bank & Trust Co.,* Ky.App., 692 S.W.2d 810, 814 (1985), we said:

> [T]he determination to grant relief from a judgment or order pursuant to CR 60.02 is one that is generally left to the sound discretion of the trial court with one of the chief factors guiding it being the moving party's ability to present his claim prior to the entry of the order sought to be set aside.

We are unable to determine from the record before us why the matter of the division of Kersey's pension was not raised before the commissioner or the trial court. Even if that failure may be attributed to

Ms. Fry's former counsel, we have held that the "[n]egligence of an attorney is imputable to the client and is not a ground for relief under ... CR 60.02(f)." *Vanhook v. Stanford–Lincoln County Rescue Squad, Inc.,* Ky.App., 678 S.W.2d 797, 799 (1984).

Fry offers no excuse for the failure to bring the existence of her former husband's pension plan to the attention of the commissioner or the court, nor does she suggest that after more than a decade of marriage she did not know of its existence. Neither does she offer any excuse for waiting five years following entry of the decree of dissolution to first raise the issue. In these circumstances, we cannot say that the trial court erred in failing to find a "reason of an extraordinary nature" justifying the relief which she seeks.

In a number of cases, former spouses have been permitted to institute separate actions to partition or distribute jointly-owned property (including pension benefits) which was not disposed of in the decree of dissolution. See, for example, *McElroy v. McElroy,* 826 S.W.2d 105 (Mo.App.1992); *Karney v. Wohl,* 785 S.W.2d 630 (Mo.App. 1990); *Adams v. Adams,* 787 S.W.2d 619 (Tx.App.1990); *Graves v. Graves,* 198 Cal. App.3d 1047, 244 Cal.Rptr. 110 (1988); *Padgett v. Haston,* 279 Ark. 367, 651 S.W.2d 460 (1983); and *Cooper v. Cooper,* 167 Ariz. 482, 808 P.2d 1234 (App.1990). This issue is not before us, and we express no opinion as to whether this avenue to relief is open to Ms. Fry.

The judgment is affirmed.

All concur.