Mary O'NEAL, Appellant,

v.

Michael O'NEAL, Appellee.

No. 2001–CA–001012–MR.

Court of Appeals of Kentucky.

Dec. 27, 2002.

Discretionary Review Denied by
Supreme Court Jan. 14, 2004.

Jeffrey L. Preston, Catlettsburg, KY,
for appellant.

W. Jeffrey Scott, Grayson, KY, for ap-
pellee.

Before BARBER, BUCKINGHAM, and
MILLER, Judges.

*OPINION*

BUCKINGHAM, Judge.

Mary O'Neal appeals from a judgment
entered by the Boyd Circuit Court in favor
of her former husband, Michael O'Neal, on
an issue concerning his pension plan. We
affirm.

Mary and Michael were married on July
30, 1964. They were divorced by a decree
of the Boyd Circuit Court entered on
March 30, 1984. Michael worked for Al-
lied Chemical for approximately 14 1/2
years during the parties' twenty-year mar-
riage. However, the 1984 divorce decree
did not address the division of Michael's
pension plan with Allied Chemical.

In 1987 Mary went to work as a deputy
clerk for the Boyd Circuit Court. Divorce
cases are filed in the circuit court, and
Mary eventually noticed that on some oc-
casions the wife was awarded a portion of
the husband's pension in divorce cases. In
December 1996 she filed a motion pursu-

ant to CR[1] 60.02(f) asking the court to reopen the divorce decree as it related to the property division and to award her a share of Michael's pension.

On April 23, 1999, the trial court entered an order denying Mary's motion to reopen the case. The court relied on *Fry v. Kersey*, Ky.App., 833 S.W.2d 392 (1992), a case involving similar circumstances. Further, the court found "that sufficient cause to reopen this action has not been shown under the requirements of Civil Rule 60.02(f)." In addition, the court stated that its ruling did not determine whether Mary could maintain a separate independent action concerning Michael's pension.

On July 12, 1999, Mary filed a separate action against Michael in the Boyd Circuit Court demanding judgment for her share of his pension plan. By an order entered by the court on January 30, 2001, the trial court upheld Mary's right to file an independent action to divide the pension plan. However, the court qualified its order by stating that the earlier omission of the property from the original decree must have occurred due to fraud, accident, or mistake in order for the independent action to be successful. The court then set the case for a hearing.

A hearing was held on February 23, 2001, and the court entered findings of fact, conclusions of law, and a judgment on April 26, 2001. Granting a judgment in Michael's favor, the court found as follows:

> The record is void of any evidence indicating that fraud, accident or mistake brought about this omission. It has been twelve years after her divorce that the Plaintiff filed her unsuccessful CR 60.02 motion. It has been almost fifteen (15) years after her divorce that she filed this independent action. The long passage of time and absence of evidence indicating fraud, accident or mistake made relief for the Plaintiff untenable. Therefore, the Court is unable to grant the relief requested by the Plaintiff.

This appeal by Mary followed.

Mary acknowledges that there was no evidence of fraud or accident. Rather, she argues that she is entitled to relief because there was a mistake. Specifically, she argues that "the parties forgot to mention it [the pension plan]" and that she should now be awarded a portion of Michael's pension due to the mutual mistake of the parties when the original decree was entered.

■ The trial court granted judgment against Mary for two reasons. First, the court determined that there was no evidence of fraud, accident, or mistake in connection with the omission of the pension from the property division in the decree. Second, the court denied Mary relief from the judgment due to the "long passage of time" between the entry of the divorce decree in 1984 and Mary's attempts to have the decree altered, amended, or vacated in 1996 and again in 1999. Regardless of whether these reasons are sufficient to withstand scrutiny on appeal, we believe the judgment should be affirmed due to the provision of CR 60.03.[2]

■ CR 60.03 allows independent actions to be filed to relieve a person from a judgment such as the one involved herein. CR 60.03 states as follows:

1. Kentucky Rules of Civil Procedure.

2. "[T]he appellate court may affirm the judgment if the record on appeal discloses any ground on which the decision could properly have been made." *Old Republic Ins. Co. v. Ashley*, Ky.App., 722 S.W.2d 55, 58 (1986). *See also Revenue Cabinet v. Joy Technologies, Inc.*, Ky.App., 838 S.W.2d 406, 410 (1992), and *Cooksey Bros. Disp. Co. v. Boyd County*, Ky.App., 973 S.W.2d 64, 70 (1997).

Rule 60.02 shall not limit the power of any court to entertain an independent action to relieve a person from a judgment, order or proceeding on appropriate equitable grounds. *Relief shall not be granted in an independent action if the ground of relief sought has been denied in a proceeding by motion under Rule 60.02, or would be barred because not brought in time under the provisions of that rule.* [Emphasis added.]

CR 60.02(a) provides that a court may grant relief to a party from a judgment on the ground of mistake. However, CR 60.02 also provides that "[t]he motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken." Therefore, pursuant to CR 60.03, Mary could not be granted relief on the ground of mistake because her independent action was time barred. *See also Huffaker v. Twyford,* Ky., 445 S.W.2d 124, 125 (1969).

There is a second reason why Mary is not entitled to relief. In the CR 60.02 proceeding, Mary sought relief pursuant to CR 60.02(f) even though other subsections appear to have been applicable. After the court ruled against Mary in that proceeding, she filed the independent action involved herein seeking relief on the same grounds. Although Mary was allowed to seek relief by way of an independent action, she was not entitled to relief because the ground for relief had previously been denied in the CR 60.02 proceeding. CR 60.03.

■ Mary's second argument is that even if the trial court did not err in failing to find fraud, accident, or mistake, then "it does not necessarily follow that the entire pension should have been given to the appellant." Mary asserts that "[t]he Court needs to make some specific findings of fact as to why the Court feels that

the Appellee is entitled to one hundred percent (100%) of the pension and the Appellant not entitled to any portion of the pension." There are problems with this argument.

If Mary had wanted more specific findings of fact in this regard, she should have requested additional findings pursuant to CR 52.02. This court may not reverse the trial court because of its failure to make a specific finding of fact on this issue since Mary made no request for such a finding. CR 52.04.

At any rate, we conclude that the argument is without merit. Mary maintains that even though there may not have been fraud, accident, or mistake, the pension is nonetheless marital property which is partially hers. She asserts that it makes no difference that the pension was in Michael's name only. She cites no legal support for her position on this issue nor are we aware of any. In fact, the Kentucky Supreme Court held in *Kidwell v. Mason,* Ky., 564 S.W.2d 534 (1978), that any interest one party to a divorce may have had in or to the property of the other party which was indisposed of in the final decree "is in the posture as if the court had so adjudged their respective interests." *Id.* at 536, *quoting Ping v. Denton, Adm'x etc.,* Ky., 562 S.W.2d 314, 317 (1978). In short, Mary's argument in this regard is without merit.

The judgment of the Boyd Circuit Court is affirmed.

ALL CONCUR.