RENDERED: OCTOBER 2, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0909-MR

JOANN SCOTT                                                      APPELLANT

v.          APPEAL FROM GREENUP CIRCUIT COURT
            HONORABLE JEFFREY L. PRESTON, JUDGE
            ACTION NO. 89-CI-00183

STEVEN WADE SCOTT                                                APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CALDWELL, AND K. THOMPSON, JUDGES.

ACREE, JUDGE: JoAnn Scott appeals the May 6, 2019 order of the Greenup

Circuit Court denying her motion seeking relief from the March 14, 1990 divorce

decree that ended her marriage to Steven Wade Scott. Finding no error, we affirm.

After twelve years of marriage, JoAnn filed a petition to divorce

Steven in April 1989. The domestic relations commissioner (DRC) heard their

case and prepared a report for the circuit court.[1]  After considering the parties'
exceptions to the report, the circuit court entered the decree.  Throughout the
entirety of their marriage, Steven was employed by CSX Railroad and earned
Railroad Retirement Benefits which have since vested.  Neither the DRC's report
nor the decree made even the slightest reference to Steven's retirement benefits.

Steven retired in January 2017, and JoAnn retired in July 2018.
JoAnn applied for Social Security benefits and was told she was eligible for
Railroad Retirement Benefits, Tier II.  She was never before aware of this.
However, two months after her retirement, she began receiving Tier I benefits
despite that the decree said nothing about Tier I benefits either.  Still, JoAnn
believed she was entitled to benefits under Tier II.

In April 2019, citing no rule, JoAnn filed a "Motion to Award
Railroad Tier 2 Benefits."  (Record (R.) at 203.)  The circuit court interpreted it as
a "motion to reopen the judgment" – *i.e.*, to reopen the decree of dissolution
"entered March 14, 1990 . . . ."  (R. at 221.)  In substance, the motion sought relief
from the twenty-nine-year-old decree.

The circuit court heard her motion on April 10, 2019, but asked each
party to brief the issue.  The court was concerned it lacked jurisdiction to hear such

---

[1] When the decree was entered, there was no Greenup Family Court.  Because family courts are
circuit courts, this Opinion refers only to the circuit court to avoid confusion.

a motion. In her brief, or memorandum, JoAnn told the circuit court her "motion is akin to a motion under CR[2] 60.02(f), filed as a motion to reopen the Decree for extraordinary reasons affecting the ends of justice" and, in support, she cited *O'Neal v. O'Neal*, 122 S.W.3d 588 (Ky. App. 2002). (R. at 207.) Steven also cited *O'Neal* in his memorandum. (R. at 215.) After briefing, the circuit court took the case under advisement. On May 6, 2019, the court denied the motion based on its analysis of *O'Neal*. This appeal followed.

A judgment dividing marital property "may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state." KRS[3] 403.250(1); *see also Burke v. Sexton*, 814 S.W.2d 290, 291 (Ky. App. 1991). A trial court's jurisdiction to modify a judgment expires ten days after its entry. *See* CR 59.05; *Yocum v. Oney*, 532 S.W.2d 15, 16 (Ky. 1975). Therefore, for a court to modify a judgment dividing marital property after ten days from the date the final order was entered, a party must allege grounds to reopen the judgment or order under CR 60.02. *Fry v. Kersey*, 833 S.W.2d 392, 394 (Ky. App. 1992).

We agree with the circuit court that *O'Neal* more than adequately addresses this issue. As in the instant case, the ex-wife in *O'Neal* sought "to

---

[2] Kentucky Rules of Civil Procedure.

[3] Kentucky Revised Statutes.

reopen the divorce decree as it related to the property division and to award her a share of [her ex-husband's] pension." 122 S.W.3d at 589. Like JoAnn, that ex-wife characterized her motion as having been brought pursuant to CR 60.02(f). Under circumstances such as these, that rule is, in fact, the only basis upon which the circuit court can exercise jurisdiction of an otherwise final judgment. *Bowling v. Commonwealth*, 964 S.W.2d 803, 804 (Ky. 1998).

Here, JoAnn argues the circuit court erred in its analysis. Misquoting her sources, JoAnn says: "Two factors that must be considered by the Trial Court in exercising its discretion are whether the movant had a fair opportunity to present her claim at the trial on the merits and whether the granting of the relief sought would be inequitable to other parties." (Appellant's brief, p. 3 (citing *Fortney v. Mahan*, 302 S.W.2d 842 (Ky. 1957) and *Dull v. George*, 982 S.W.2d 227 (Ky. App. 1998) (citations and internal quotation marks omitted).)[4] The circuit court, says JoAnn, failed to apply these two factors. We conclude the court never got that far and did not need to.

We do agree, however, that this case is governed by *O'Neal*. But there are a few differences.

---

[4] JoAnn attributes this quotation to both *Fortney* and *Dull*, *supra*. Although the general concept of this quoted language is found in both cases, the specific language is found in neither. Whether careless or intentional, such trifling with the appellate process is not without consequence. It has the possibility of harming that process if repeated, while simultaneously evincing the researcher's/author's disrespect for the process. Further, it undermines the reviewing court's faith that everything said in the brief by the author, an officer of the court, is true in fact and law.

In *O'Neal*, when the ex-wife filed her motion, only twelve years had passed. The parties in the instant case were divorced twenty-nine years before JoAnn filed her motion. Unlike the ex-wife in *O'Neal* who received no part at all of her husband's pension, JoAnn was awarded and receives Tier I Railroad Retirement Benefits. The ex-wife in *O'Neal* even pursued a subsequent, independent action pursuant to CR 60.03, which JoAnn has not done.

Despite the more favorable fact pattern, the circuit court would not grant the ex-wife in *O'Neal* relief under CR 60.02(f) or in her independent action under CR 60.03. The bottom line in *O'Neal* is that the only reason the ex-wife could give for failing to address the pension issue at the time of the decree was mistake. *O'Neal*, 122 S.W.3d at 590. Under CR 60.02(a), relief from a judgment based on mistake must be brought within one (1) year and this motion was way out of time. *Id.* ("relief on the ground of mistake . . . was time barred").

No doubt, JoAnn would emphasize that she claimed relief pursuant to CR 60.02(f). But when a CR 60.02(f) motion is brought more than a year after the entry of the judgment being attacked, as JoAnn did, proper analysis includes a consideration that must precede the two factors attributed to *Fortney* and *Dull*. The Court must conclude that the bases for relief under CR 60.02(a), (b), and (c) are inapplicable. *Commonwealth v. Spaulding*, 991 S.W.2d 651, 655 (Ky. 1999) ("CR 60.02(f) is a catch-all provision that encompasses those grounds, which

-5-

would justify relief pursuant to writ of coram nobis, that are not otherwise set forth in the rule."). This is so because CR 60.02(f) was not intended as a work-around to subsections (a), (b), and (c) when relief for claims specifically addressed there is time-barred. *See* CR 60.02 (The motion shall be made . . . on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken."); *Alliant Hospitals, Inc. v. Benham,* 105 S.W.3d 473, 479 (Ky. App. 2003) ("subsection (f) was not intended to provide a means for evading the [time] strictures of the other subsections").

We cannot conclude otherwise than that CR 60.02(a), "mistake, inadvertence, surprise or excusable neglect," is the section applicable here. JoAnn acknowledges never knowing the government classifies Tier II benefits as marital property until she applied for Social Security benefits. The decree made no reference to such benefits. However, the decree said nothing of Tier I benefits either, and she is now receiving them. Nevertheless, totally disregarding Steven's pension at the time of the decree fits no other category than "mistake, inadvertence, surprise or excusable neglect . . . ." CR 60.02(a).

To take her case from under the umbrella of CR 60.02(a), JoAnn first acknowledges her attorney at the time told her nothing about Steven's pension benefits. She then claims the CR 60.02(f) "reason of an extraordinary nature justifying relief" in her case is that she "later learned that at the time [the attorney

who represented her] was struggling with severe and ongoing personal problems from which he later died." (R. at 212.) But this only helps explain *why* this mistake occurred; it is not an independent, extraordinary reason beyond mistake that would qualify her for relief under CR 60.02(f). Even if it did, whether the motion was "made within a reasonable time" under that subsection is discretionary with the circuit court. *Foley v. Commonwealth*, 425 S.W.3d 880, 884 (Ky. 2014) ("two decades passed between . . . trial and . . . CR 60.02 motion, we are constrained to conclude that the trial court did not abuse its discretion in concluding that the present motion was not brought within a 'reasonable time'").

The circuit court's ultimate ruling on JoAnn's motion was "that it has no jurisdiction to modify a previously entered judgment . . . ." (R. at 221.) We agree. Whether the motion is properly characterized as one brought pursuant to CR 60.02(a) more than a year after the decree, or one brought pursuant to CR 60.02(f) as not brought within a reasonable time, the circuit court lacked particular-case jurisdiction to consider the untimely CR 60.02 motion. "[A]lthough a court may have jurisdiction over a particular class of cases, it may not have jurisdiction over a particular case at issue, because of a failure by the party seeking relief to comply with a prerequisite established by statute or rule." *Nordike v. Nordike*, 231 S.W.3d 733, 738 (Ky. 2007) (citation and internal quotation marks omitted). The timely filing of a CR 60.02 motion is a prerequisite to the relief sought and JoAnn

failed to comply with that prerequisite.

For the foregoing reasons, we affirm the Greenup Circuit Court's May 6, 2019 order.

CALDWELL, JUDGE, CONCURS.

THOMPSON, K., JUDGE, DISSENTS.


BRIEF FOR APPELLANT:

James W. Lyon, Jr.
Greenup, Kentucky

BRIEF FOR APPELLEE:

R. Stephen McGinnis
Greenup, Kentucky