RENDERED: JUNE 11, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1105-MR

EDWARD MICHAEL SZEWCZYK                                    APPELLANT

v.                    APPEAL FROM SPENCER CIRCUIT COURT
                      HONORABLE S. MARIE HELLARD, JUDGE
                      ACTION NO. 19-CI-00169

ANGEL GOFF-SZEWCZYK                                          APPELLEE

OPINION
AFFIRMING IN PART
AND
REMANDING IN PART

** ** ** ** **

BEFORE:  COMBS, KRAMER, AND K. THOMPSON, JUDGES.

COMBS, JUDGE:  This case involves a challenge to a property settlement

agreement incorporated into a decree of dissolution of marriage.  Edward Michael

Szewczyk filed a post-decree motion to set aside a property settlement agreement

executed as part of his divorce from Angel Goff-Szewczyk.  He now appeals the

order of the Spencer Family Court denying his motion.  Edward argues that the

agreement was "procured from [him] by fraud and deceit and at a time when [he] was under severe duress as a result of financial difficulties." He contends that he was deprived of due process by the court's failure to conduct an evidentiary hearing before denying the motion. After our review, we affirm in part and remand in part.

Edward and Angel married in October 2013. On September 24, 2019, Angel filed a petition for dissolution of the marriage in Spencer Family Court. The petition was accompanied by a property settlement agreement that had been executed by both parties several days earlier and a waiver of financial disclosure statements. The parties acknowledged that there had been a full and complete disclosure between them of financial assets and debts and that each of them had a full and complete understanding of the other's financial position. Filed contemporaneously was Edward's entry of appearance in which he indicated that he would decline to plead and that he waived notice of all further pleadings. Angel's responses to written interrogatories (providing the court with jurisdictional proof) were also filed. Finally, proposed findings of fact, conclusions of law, and a final decree of dissolution were tendered to the court.

The decree was entered by the court on October 1, 2019. The court found specifically that the terms of the parties' property settlement agreement were not unconscionable, and the agreement was incorporated into the decree.

The terms of the parties' settlement agreement provided that Angel would retain the marital residences – one in Bullitt County and one in Spencer County. Edward was to retain Walnut Ridge Farm in Delmar, Delaware, and Red River Farm in Mandela Springs, Maryland. Angel was to "refinance the properties in her own individual name thereby removing [Edward's] name from any promissory note and/or mortgage associated with the properties." Edward agreed to execute quitclaim deeds to the Kentucky real property. Edward was to be "solely responsible on any debt owed on and any mortgage encumbering the [farms]." Angel waived any interest in the farms and agreed to execute quitclaim deeds if necessary. Each party took two vehicles and agreed to be responsible for any debt, taxes, insurance, and registration for them. Each party waived any interest in the retirement accounts of the other. The parties specifically acknowledged that each had had the opportunity to obtain the advice of counsel.

On March 5, 2020, Angel filed a motion asking the court to order Edward to vacate the marital residence. She also asked that the court order the master commissioner to execute quitclaim deeds to the Bullitt and Spencer County properties because Edward refused to do so. The matter was scheduled for a hearing to be conducted by the court remotely.

On July 10, 2020, Edward filed a motion for relief from the court's decree of dissolution. He asked the court to declare the parties' property

settlement agreement unconscionable pursuant to the provisions of KRS[1] 403.180(2), alleging that it had been procured through fraud. Attached to the motion was Edward's extensive affidavit.

In his affidavit, Edward swore that he and Angel had agreed to dissolve their marriage and to transfer the unencumbered Kentucky property to Angel alone solely in order to shield their real property from creditors. He represented to the court that "once the dust had settled," the parties intended to re-marry. Edward indicated that this scheme had been Angel's idea and that he had hired Paul Zimlich, an attorney practicing in Taylorsville, to present the uncontested dissolution action in family court. He declared that he proceeded with the dissolution action and entered into the property settlement agreement "based upon [Angel's] representations and assurances."

According to Edward, after the dissolution, Angel "immediately and unexpectedly became estranged from [him]" and began to demand that he execute the quitclaim deeds pursuant to the terms of the parties' property settlement agreement. Edward explained that when he signed the property settlement agreement, he had been "laboring under severe mental stress as a result of [the] then pending financial crisis and my desire to preserve as much of my assets as possible."

---

[1] Kentucky Revised Statutes.

He stated that Angel had been fully aware of his financial circumstances and that she had taken advantage of him; that her "actions in procuring the [Kentucky real estate] and virtually all the property in the marital estate debt free and leaving [him] to deal with the economic crisis on the farms was both fraudulent and deceitful." He concluded that Angel had misled him into believing that she would re-marry him and that her actions were unconscionable.

Angel objected vigorously. In an affidavit attached to her response to Edward's motion, Angel explained that the scheme had been Edward's idea alone. She indicated that she had never spoken with or met Zimlich and had not paid him for his services. She insisted that she had never agreed to re-marry Edward.

In an order entered August 12, 2020, the Spencer Family Court denied Edward's request for relief. Based upon the parties' sworn statements, the court found that in their effort to defeat the interests of creditors, Edward and Angel had conspired to perpetrate a fraud upon the court. Consequently, it concluded that Edward "should not now be heard to complain that the agreement he reached and entered into voluntarily with [Angel] is unconscionable." The court was convinced that the parties had participated in a scheme to defraud their creditors and to deceive the court. However, it found no evidence of fraud, undue influence, deception, concealment, or overreaching **between the parties themselves** that would render the settlement agreement unenforceable. In fact, the only miscue in

their plan was Angel's apparent refusal to re-marry Edward. This timely appeal followed.

On appeal, Edward advances a single argument. He argues that the family court denied him due process, including access to the courts, and that it "short-shifted" justice in the matter. Nonetheless, while decrying the court's failure to dispense justice, Edward admits to having perpetrated a fraud upon that very court.

Edward argues that the court erred by failing to conduct an evidentiary hearing and that, therefore, its order is clearly erroneous. Specifically, he contends that there is: no evidence upon which the court could find that the property settlement agreement was not procured through a fraud practiced upon him; no evidence upon which the court could find that the dissolution action was an attempt to defeat creditors' claims; and, finally, no evidence upon which the court could find that the "unclean hands" doctrine would apply to undermine his request for relief from the decree. While conceding that he may not have a strong factual basis for his motion, Edward nevertheless claims that he is entitled to an evidentiary hearing. We disagree.

The provisions of KRS 403.180(2) anticipate that the terms of a separation agreement will bind the court "unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced

-6-

by the parties . . . that the separation agreement is unconscionable." The provisions of a court's decree related to the disposition of property "may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state." KRS 403.250(1). A trial court's jurisdiction to modify a judgment expires ten days from the date that the final order was entered by the court. *See* CR[2] 59.05. In order for a court to modify a judgment dividing marital property after ten days, a party must allege grounds to reopen the judgment or order pursuant to the provisions of CR 60.02. *Fry v. Kersey*, 833 S.W.2d 392 (Ky. App. 1992); *Copas v. Copas*, 359 S.W.3d 471 (Ky. App. 2012).

Edward filed his motion for relief pursuant to the provisions of CR 60.02(d) and (f). In relevant part, that rule provides that a court may, "upon such terms as are just," relieve a party from its final judgment based upon "fraud affecting the proceedings" or upon any other reason "of an extraordinary nature justifying relief." CR 60.02(d) and (f). Because the law favors the finality of judgments, invoking the rule "requires a very substantial showing to merit relief under its provisions." *Ringo v. Commonwealth*, 455 S.W.2d 49, 50 (Ky. 1970). A decision of a family court to deny relief must be affirmed on appeal unless a reviewing court concludes that there was a flagrant miscarriage of justice. *See*

---

[2] Kentucky Rules of Civil Procedure.

*Gross v. Commonwealth*, 648 S.W.2d 853 (Ky. 1983). Because of the extraordinary nature of the relief sought, a movant must allege facts which, if true, justify vacating the judgment before he would be entitled to an evidentiary hearing. *Id*.

The type of "fraud affecting the proceedings" necessary to justify reopening under CR 60.02(d) relates to extrinsic fraud. W. Bertelsman and K. Phillipps, *Kentucky Practice* CR 60.02, cmt. 6, at 426 (4th ed. 1984). Extrinsic fraud covers "fraudulent conduct outside of the trial which is practiced upon the court, or upon the defeated party, in such a manner that he is prevented from appearing or presenting fully and fairly his side of the case." *Id.* "[P]erjury by a witness is not the type of fraud to outweigh the preference for finality." *Id.* at 425.

Edward failed to allege facts sufficient to establish a fraud affecting the proceedings that might entitle him to relief. The facts that Edward alleges indicate that he and Angel meant to conceal from and misrepresent information to the court and to their creditors. Edward's evidence is insufficient to show that Angel participated in fraudulent conduct that prevented him from fully and fairly presenting his side of the case to the court. The fact that the parties intended to conspire together to procure a divorce decree -- including a division of property by fraud -- is insufficient to entitle Edward to the extraordinary relief he sought.

Consequently, we conclude that the family court did not err by refusing to grant an evidentiary hearing to consider his request.

CR 60.02(f) authorizes a court to set aside a judgment for "reason[s] of an extraordinary nature justifying relief." Subsection (f) of the rule functions as a residual clause. It is not available unless "none of that rule's [other] specific provisions applies." *Alliant Hospitals, Inc. v. Benham*, 105 S.W.3d 473, 478 (Ky. App. 2003) (citing *Commonwealth v. Spaulding*, 991 S.W.2d 651, 655 (Ky.1999)). ("CR 60.02(f) is a catch-all provision that encompasses those grounds, which would justify relief pursuant to writ of *coram nobis*, that are not otherwise set forth in the rule"). Furthermore, it can apply only where a moving party can show that he did not have a fair opportunity to present his case at a trial on the merits. *Snodgrass v. Snodgrass*, 297 S.W.3d 878 (Ky. App. 2009). Relief is available under its provisions only where a movant has made a clear showing of extraordinary and compelling equities. *Webb v. Compton*, 98 S.W.3d 513 (Ky. App. 2002) (citing *Dull v. George*, 982 S.W.2d 227, 229 (Ky. App. 1998)); *Copas v. Copas*, 359 S.W.3d 471 (Ky. App. 2012). Under the circumstances of this case, Edward clearly cannot invoke any principles of equity. Consequently, the family court did not err by refusing to conduct an evidentiary hearing.

However, although we affirm the rulings of the trial court up to this point, we nonetheless remand this matter for the court to conduct a hearing to

consider the impact of the joint fraudulent conduct of the parties with regard to the terms of their settlement agreement. The court on remand should address whether the award of the properties at issue should be voided and set aside, and what should be done with the properties based on the level and proportion of the fraud of **both** parties.

Both parties submitted affidavits admitting that they used the court to defraud creditors. Indeed, the family court found that based upon the sworn affidavits, "[Edward] engaged in fraud upon the Court, and with the assistance of [Angel], was able to defeat creditors from accessing certain assets that the parties either alone, or in combination, had amassed." Edward clearly has unclean hands -- as does Angel.

Recently, this Court addressed a highly similar situation in an unpublished case. *Harris v. Harris*, 2017-CA-0032-MR, 2019 WL 2563402 (Ky. App. Jun. 21, 2019). In *Harris*, a husband and wife transferred real property by deed to the wife's daughter in anticipation their filing for bankruptcy. The parties did not disclose the real property or its transfer during the bankruptcy. They had agreed that after the bankruptcy became final, the daughter would transfer the property back into the husband's and wife's name. However, the parties divorced. When they contested right to their property during the divorce, the nature of the fraudulent transfer came to light. The trial court ruled in the husband's favor --

-10-

despite his repeated admission that he had **knowingly** and **intentionally** transferred the real property to avoid its inclusion of his bankruptcy estate, thus effectively defrauding his creditors.

The majority in *Harris* relied on *Justice v. Justice*, 219 S.W.2d 964, 966 (Ky. 1949), Kentucky's highest Court at the time addressed a similar fraudulent transaction involving real property and declared the following:

> To permit the courts to thus be made tools for the perpetration of such frauds would bring into disrepute the whole administration of justice. They are not constructed for the purpose of aiding unconscionable persons to consummate the frauds which they may concoct; on the contrary it is the rule that courts will not permit themselves to be made the instruments by which such fraudulent schemes are carried out.

*Id*. at \*6.

The *Harris* Court held that it "will not be a part of nor approve what effectively was a fraudulent scheme to defraud creditors." *Id*. The Court remanded the case to the trial court; ordered it to set aside the deed as a fraudulent transfer; and ordered it to afford no other relief to either party based on the complaint or counterclaim asserted in the action.

In the case before us, this Court should not approve a plan designed to defraud creditors. Although Edward properly did not prevail in the trial court, a full affirmance of its order would allow Angel to be rewarded despite her participation in the fraud, amounting to as much as $1,500,000.00 according to the

family court's opinion. This conduct may have both civil and criminal ramifications, including but not limited to KRS 517.060.

Therefore, we AFFIRM the majority of the rulings of the trial court but REMAND this case for additional proceedings as to the proper disposition of the property subject to the fraudulent conduct of both parties and for whatever modification of the settlement may be warranted by its findings in conjunction with that fraud.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Mark D. Dean
Shelbyville, Kentucky

BRIEF FOR APPELLEE:

Timothy Denison
Louisville, Kentucky