RENDERED:  SEPTEMBER 23, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0506-ME

ANTWON FRENCH                                             APPELLANT

v.
APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE LUCINDA MASTERTON, JUDGE
ACTION NO. 19-D-00628-003

CELIA MAE RUBIO                                             APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; JONES AND L. THOMPSON,
JUDGES.

THOMPSON, L., JUDGE:  Antwon French appeals from an order of the Fayette

Circuit Court which denied his Kentucky Rules of Civil Procedure (CR) 60.02

motion.  Appellant sought to vacate a domestic violence order (DVO) on the

grounds of newly discovered evidence, perjury, and judicial bias.  We find no error

and affirm.

## FACTS AND PROCEDURAL HISTORY

Appellant and Appellee, Celia Rubio, are the biological parents of one minor child born in 2019. Appellee filed a DVO petition against Appellant in January of 2020. In her petition, Appellee alleged that Appellant took the child to California without Appellee's knowledge or consent and would not return with the child. She also alleged that while she was searching for Appellant and the child, Appellant called her and told her that he would kill her other children[1] if she did not stop trying to find him and the child.

A DVO hearing was held over two days in April and May of 2020. Appellant alleged that Appellee abandoned the child and he went to California with some of his relatives. He also denied making any threatening phone calls. Ultimately, the trial court believed the allegations made by Appellee and on May 5, 2020, the court entered a DVO prohibiting Appellant from contacting Appellee or their child. Sometime later, Appellant was allowed supervised visitation with the child one day a week.

On March 11, 2022, Appellant filed the underlying CR 60.02 motion. He alleged that Appellee perjured herself during the DVO hearing and that he had

---

[1] Appellee has four other children, but Appellant is not the father of those children.

new evidence proving the perjury. Additionally, he claimed that the trial judge who entered the DVO was biased and prejudiced against him.[2]

After a hearing on the motion, the trial judge denied the CR 60.02 motion. The judge held that the motion was untimely as it pertained to newly discovered evidence and perjury. The court also held that it could not rule on the bias issue and that the bias issue should have been raised on direct appeal. This appeal followed.

## ANALYSIS

CR 60.02 states:

On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: (a) mistake, inadvertence, surprise or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.02; (c) perjury or falsified evidence; (d) fraud affecting the proceedings, other than perjury or falsified evidence; (e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (f) any other reason of an extraordinary nature justifying relief. The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken.

---

[2] Appellant sued the judge who entered the DVO in federal court. Subsequently, the judge recused herself from any further involvement with this case. Judge Lucinda Masterton was then appointed to preside over this case.

A motion under this rule does not affect the finality of a judgment or suspend its operation.

"Our standard of review of a trial court's denial of a CR 60.02 motion is whether the trial court abused its discretion. The test for abuse of discretion is whether the trial court's decision was 'arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'" *Age v. Age*, 340 S.W.3d 88, 94 (Ky. App. 2011) (citations omitted).

> The decision as to whether to grant or to deny a motion filed pursuant to the provisions of CR 60.02 lies within the sound discretion of the trial court. The rule provides that a court may grant relief from its final judgment or order upon various grounds. Moreover, the law favors the finality of judgments. Therefore, relief may be granted under CR 60.02 only with extreme caution and only under the most unusual and compelling circumstances.

*Id.* (citations omitted).

Here, we believe the trial court correctly denied Appellant's motion. As to the new evidence and perjury allegations, those were not brought within one year as required by the rule. The DVO in question was entered on May 5, 2020, and the CR 60.02 motion was filed on March 11, 2022. Appellant also argues that we should consider the perjury issue as fraud affecting the proceedings, CR

60.02(d), which would take it out of the one-year limitation period. We disagree because CR 60.02(d) specifically excludes perjury.[3]

As to the alleged judicial bias, we disagree that the trial court could not examine this issue. It could have been analyzed pursuant to CR 60.02(f), the "any other reason" catchall provision; however, we will still affirm the judgment of the court as to this issue because Appellant did not provide evidence to prove judicial bias.[4] Appellant believed the judge who entered the DVO was biased against people of color and men. His argument was that people of color and men are routinely ruled against in family court matters. We do not believe this is sufficient evidence to prove that the original trial judge was unethical or biased toward Appellant.

---

[3] Even though perjury and falsified evidence are explicitly subject to the one-year time limitation pursuant to CR 60.02(c), our Supreme Court has held that "a *criminal conviction* based on perjured testimony can be a reason of an extraordinary nature justifying relief pursuant to CR 60.02(f) and subject to the reasonable time limitation of the rule." *Commonwealth v. Spaulding*, 991 S.W.2d 651, 657 (Ky. 1999) (emphasis added). To date, the rule in *Spaulding* has not been expanded to cover alleged perjury in civil proceedings, which a DVO proceeding is. "A DVO proceeding is a civil matter that requires that the court find from 'a preponderance of the evidence that an act or acts of domestic violence and abuse have occurred and may again occur[.]'" *Rankin v. Criswell*, 277 S.W.3d 621, 624 (Ky. App. 2008) (citation omitted). Thus, Appellant cannot rely on CR 60.02(f) as a basis for reopening due to Appellee's alleged perjury.

[4] This Court can affirm on other grounds. *See Commonwealth Natural Resources and Environment Protection Cabinet v. Neace*, 14 S.W.3d 15, 20 (Ky. 2000); *O'Neal v. O'Neal*, 122 S.W.3d 588, 589 n.2 (Ky. App. 2002).

## **CONCLUSION**

Based on the foregoing, we affirm the judgment of the trial court.  The court did not err in denying Appellant's CR 60.02 motion.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE.

Antwon French, *pro se*
Lexington, Kentucky