George S. **FORTNEY** et al., Appellants,

v.

John **MAHAN** et al., Appellees.

Court of Appeals of Kentucky.

May 31, 1957.

J. B. Campbell, Carlos B. Pope, Barbourville, for appellants.

H. M. Tye, Barbourville, for appellees.

CAMMACK, Judge.

This action was initiated originally by John Mahan, administrator of the estate of A. J. Elliott, seeking settlement of nine estates and a judgment ordering sale of lands owned by Henry Elliott and his wife, parents of A. J. Elliott. G. S. Fortney intervened, and asserted title to some of the land involved. Unsuccessful in proving his claim on the trial, Fortney attempted on the appeal to supplement the record by filing six deeds which had not been introduced in evidence during the trial. We held in Fortney v. Elliott's Administrator, Ky., 273 S.W.2d 51, that additions could not be made to the record of matters not considered by the trial court, and affirmed that part of the judgment decreeing the

sale of the lands and apportioning distribution of the proceeds.

Pursuant to our opinion, the trial judge entered a final judgment. On the day of the sale, Fortney filed a motion for relief from the judgment under CR 60.02, subsections 5 and 6. He alleged that his attorneys at the trial believed that it was the administrator's burden to establish ownership of the lands. He gave that as the reason for the attorneys' failure to introduce in evidence: (1) deeds showing title to one boundary, the Falls River tract, to be in himself and his sister, Ellen Cox; and (2) a probate record showing that an undivided interest in the remaining parcels had passed to him through the will of one of Henry Elliott's children. From an order overruling the motion, this appeal was taken.

The desire that justice be accorded the parties clashes on some occasions with the principle that litigation must end within a reasonable time. Justice Harlan stated in Southern Pacific R. Co. v. United States, 168 U.S. 1, 49, 18 S.Ct. 18, 27, 42 L.Ed. 355,

"* * * the aid of judicial tribunals would not be invoked for the vindication of rights of person and property, if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue and actually determined by them."

Direct attacks upon a judgment, as by appeal or by motion for new trial, are commonly accepted practice. CR 60.02 in addition provides the trial court with extensive power to correct a judgment even after recourse has been had to the usual methods of attack. On motion, the court is empowered to relieve a party from a final judgment under certain extraordinary circumstances and upon such terms as it deems just. CR 60.02 addresses itself to the sound discretion of the trial court.

Tozer v. Charles A. Krause Milling Co., 3 Cir., 1951, 189 F.2d 242; see Civ.Code Prac. § 522; Martin v. Conley, 99 S.W. 613, 30 Ky.Law Rep. 728. Two of the factors to be considered by the trial court in exercising its discretion are whether the movant had a fair opportunity to present his claim at the trial on the merits and whether the granting of the relief sought would be inequitable to other parties. Moore's Federal Practice, 2d Ed., Sec. 60.-19; see Civ.Code Prac. § 518; Mason v. Lacy, 274 Ky. 21, 117 S.W.2d 1026.

At the first trial on the merits, Fortney apparently had in his possession the deeds he now wishes to have considered. It is not contended that they were unavailable for introduction into evidence at that time, nor is it argued that the alleged recorded will giving Fortney an interest in some of the lands could not have been discovered by the exercise of reasonable diligence. Fortney attempts to place himself within the ambit of CR 60.02 by alleging that his counsel erred in deciding that production of the deeds and probate record was unnecessary. The trial court ruled that this was insufficient, and that no compelling reason was shown which would excuse counsel's failure to introduce his evidence in defense. See Civ.Code Prac. § 518; Commonwealth v. Fidelity & Columbia Trust Co., 185 Ky. 300, 215 S.W. 42; Childers v. Potter, 291 Ky. 478, 165 S.W.2d 3.

The trial court's exercise of discretion will not be disturbed on appeal except for abuse. Perrin v. Aluminum Co. of America, 9 Cir., 1952, 197 F.2d 254; Jones v. Jones, 7 Cir., 1954, 217 F.2d 239. As we have pointed out, the remedy provided by CR 60.02 applies only in extraordinary situations. We agree with the trial court that a mistake of this character is not cognizable under CR 60.02, and find no abuse of discretion in the overruling of the motion. See Washington Farms, Inc., v. United States, D.C.M.D.Ga.1954, 122 F.Supp. 31;

Barber v. Turberville, 1954, 94 U.S.App. D.C. 335, 218 F.2d 34 (dissenting opinion).

Judgment affirmed.