**BETHLEHEM MINERALS COMPANY,** Bethlehem Mines Corporation, Beth–Elkhorn Corporation, and Bethenergy Mines, Inc., Appellants, Appellees and Cross–Appellants,

v.

**CHURCH AND MULLINS CORPORATION,** Claude Johnson, Administrator of the Estate of John Johnson and Individually, Charlie Johnson, Jack Johnson, Martha Kendrick, Priscilla Stiltner, Hazel Johnson, Ben Johnson and Molly Thornberry, and Betty Jane Johnson Stewart, Appellees, Appellants and Cross–Appellees.

No. 93–SC–587–TG.

Supreme Court of Kentucky.

Nov. 23, 1994.

John A. Bartlett, Joseph L. Hamilton, Lively M. Wilson, Stites & Harbison, Louisville, Thomas E. Meng, Stites & Harbison, Lexington, Morton J. Holbrook, Jr., Holbrook, Wible, Sullivan & Mountjoy, Owensboro, John M. Stephens, Stephens & Hurt, Lexington, for appellants, appellees and cross-appellants.

Herman W. Lester, Pikeville, Gary C. Johnson, Pikeville, Gilbert K. Davis, Gilbert K. Davis & Associates, Fairfax, VA, S. Strother Smith, II, Abingdon, VA, for Church and Mullins Corp., et al.

STEPHENS, Chief Justice.

This action commenced in 1964 when Bethlehem Minerals Company, Bethlehem Mines Corporation, Beth–Elkhorn Corporation, and

Bethenergy Mines, Inc. ("Bethlehem") filed an action for injunctive relief against John Johnson in the Pike Circuit Court. Bethlehem's complaint charged that Johnson was hindering its survey efforts in preparation for deep mining of the mineral estate underlying certain property known as "Tract 42." Johnson counterclaimed asserting ownership of the surface of Tract 42 as well as the minerals. Subsequent to the initiation of this thirty-year long litigation, John Johnson died. His heirs are the present claimants ("Johnson heirs") in this proceeding along with Church and Mullins Corporation, as lessee of certain mineral rights granted to it by John Johnson in 1970.

### Underlying Litigation

What follows is a brief summary of the procedural history of the case preceding Bethlehem's motion for discretionary review of the Pike Circuit Court's denial of its CR 60.02 motion for relief. A more detailed description of the factual dispute and protracted litigation in the lower court is contained in this Court's opinion rendered June 4, 1992.

In 1964 Bethlehem obtained a temporary restraining order prohibiting Johnson's interference with the survey work it was attempting to accomplish with respect to Tract 42. A year later the trial court denied Johnson's motion to quash the restraining order based on Bethlehem's assertion that it sought injunctive relief specifically to protect its ability only to *survey*, as opposed to its ability to mine. From this point the lengthy title dispute litigation continued until 1986 when the Pike Circuit Court issued a final decision on the merits.

On September 17, 1986 Judge Will Tom Scott entered an opinion awarding the Johnson heirs superior title to the surface and minerals of 211 acres of Tract 42. It found that Bethlehem owned title to the minerals of 164 acres underlying Tract 42. In the latter part of bifurcated proceedings, the trial judge held a hearing on damages. A month later the court entered a final judgment awarding the Johnson heirs $16,947,778 in willful trespass damages plus prejudgment interest.

The Court of Appeals reversed the Pike Circuit Court on the issues of the willful nature of the trespass as well as prejudgment interest. On discretionary review, this Court reversed the Court of Appeals and reinstated the findings and conclusions of the trial court, 887 S.W.2d 321. Pursuant to CR 76.32, Bethlehem filed a petition for rehearing. This Court granted oral argument.

### WHETHER THE TRIAL COURT'S DENIAL OF BETHLEHEM'S CR 60.02 MOTION WAS ERRONEOUS

Following this Court's initial opinion and prior to the scheduling of oral argument on Bethlehem's petition for rehearing, the heirs of Miles Smallwood moved to intervene in the underlying action in the Pike Circuit Court. As predecessors in interest to the Johnsons in a portion of Tract 42, the Smallwood heirs claim that the deed purporting to convey that interest excepted all mineral rights. After voluntarily withdrawing their motion, the Smallwood heirs filed a separate quiet title suit against the Johnson heirs. Thus the Smallwood heirs' complaint made no title claim against Bethlehem, but asserted instead an interest as tenants-in-common with the Johnson heirs with respect to one-half interest in a portion of the Tract 42 acreage to which the Johnsons were adjudged to have superior title. As Bethlehem is the stakeholder of the judgment to which the Smallwood heirs claim a share, Bethlehem was joined as a party-defendant to that action.

Based upon the foregoing turn of events, Bethlehem filed a motion to vacate the trial court's judgment under CR 60.02(f), alleging the existence of extraordinary cause. Judge Bayard V. Collier held oral argument on the motion, at which time the court granted leave to the parties to address by memoranda any legal authority on the issue of the appropriateness of delaying or abating ruling on the CR 60.02 motion until the conclusion of the pending Smallwood action. Thereafter finding no extraordinary cause to exist, the trial court denied Bethlehem's motion to vacate the judgment.

By motion for discretionary review, Bethlehem appealed the denial to the Court of Appeals. This Court granted transfer and ordered consolidation of Bethlehem's motion

for oral argument with the petition for re-hearing already pending in this Court. Having heard oral argument and considered the issues Bethlehem raises on appeal, for the reasons below, we affirm.

The bottom line of Bethlehem's attempt to establish extraordinary cause under CR 60.02(f) is the argument that the claims of the Smallwood heirs, if proved, would produce contradictory results and thus undermine the basis for the trial court's title judgment. The theory is that if the Smallwood heirs prevail, then because the Johnson heirs *cannot* have exclusive title, the previous title, trespass, and damage determinations of the Pike Circuit Court are thereby "destroyed[ed]." Bethlehem also argued that even the mere assertion of the Smallwood heirs' claims directly controverts the trial court's finding with respect to the willful character of the trespass. The trial court found these arguments to be unpersuasive.

The standard of review for this Court dictates that a trial court's denial of CR 60.02(f) motion will not be reversed except for an abuse of discretion. *Fortney v. Mahan,* Ky., 302 S.W.2d 842, 843 (1957); *Schott v. Citizens Fidelity Bank and Trust Company,* Ky., 692 S.W.2d 810, 814 (1985). In *Fortney,* we stated that two factors are to be considered by the trial judge in exercising its discretion. They are (1) whether the moving party had a fair opportunity to present his claim at the trial on the merits and (2) whether the granting of CR 60.02(f) relief would be inequitable to other parties. *Id.* at 842. Under the present facts, both considerations weigh in favor of the conclusion that the trial judge acted well within the bounds of his discretion.

Bethlehem had a full, fair and lengthy opportunity to litigate its title theories. Evidence of the Smallwood heirs' claim was on record and thus, available, at the time of trial. The fact that Bethlehem did not thoroughly investigate and uncover the discoverable evidence it now seeks to use to upset the trial court's judgment does not constitute extraordinary cause under the rule. Further, the relief Bethlehem seeks would not only be inequitable to the parties who prevailed after thirty years of litigation, but it would also set an indefensible precedent. The result under Bethlehem's hypothesis

would be that ostensibly final title judgments, theoretically, would never be safe from the risk of a stranger to the original litigation asserting an interest in the subject matter of the dispute by the mere filing of a claim. This is an effect that is obviously totally contrary to the sound policy of finality incorporated by the provisions of CR 60.02.

For the reasons stated above, it is clear that the trial court did not abuse its discretion in denying Bethlehem's motion for CR 60.02(f) relief. Accordingly, we affirm.

LAMBERT, LEIBSON, REYNOLDS, SPAIN and STUMBO, JJ., concur.

WINTERSHEIMER, J., concurs in result only.