RENDERED: JANUARY 19, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0388-MR

JAMES CARR POTTER, II                                                        APPELLANT

v.          APPEAL FROM MCCRACKEN CIRCUIT COURT
          HONORABLE WILLIAM A. KITCHEN, JUDGE
                    ACTION NO. 08-CR-00386

COMMONWEALTH OF KENTUCKY                                           APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, LAMBERT, AND TAYLOR, JUDGES.

CETRULO, JUDGE: Appellant James Carr Potter, II ("Potter"), *pro se*, appeals

the order of the McCracken Circuit Court denying his Kentucky Rule of Civil

Procedure ("CR") 60.02 motion. After review, we affirm.

# I. BACKGROUND

As the basis of this appeal is Potter's interpretation of the words of the U.S. Court of Appeals for the Sixth Circuit, we find it appropriate to reference the same opinion to establish the relevant background and legal arguments.

> Following a jury trial in Kentucky state court, Potter was convicted of numerous charges of sexual abuse against a minor victim, JA, whom Potter frequently babysat. JA was born on December 16, 1994. The indictment alleged that Potter committed the twenty-six charged offenses between July 2002 and May 2008. The evidence against Potter primarily consisted of JA's testimony, evidence that JA's DNA was present on sex toys found in Potter's house, and medical evidence. . . .

> On direct appeal, the Kentucky Supreme Court affirmed Potter's convictions in relevant part. Potter filed a pro se motion in state court seeking post-conviction relief [pursuant to Kentucky Rule of Criminal Procedure ("RCr") 11.42], arguing in part that his counsel was constitutionally ineffective for failing to obtain "itemized store receipts" that would have shown that "specific 'sex toys' in this case were not purchased by [Potter] until after the alleged victim's 12th birthday."[1] The state court denied Potter's motion without an evidentiary hearing. The Kentucky Court of Appeals affirmed, reasoning that Potter failed to comply with a procedural rule requiring the movant to "state specifically the grounds on which the sentence is being challenged and the facts on which the movant relies," [RCr] 11.42(2), because Potter did not attach the store receipts to his motion or otherwise

---

[1] The jury convicted Potter of numerous charges, three of which were first-degree sexual abuse (Kentucky Revised Statute ("KRS") 510.110), first-degree rape (KRS 510.040), and first-degree sodomy (KRS 510.070). These counts, in relevant part, can be established if the victim was less than 12 years old.

establish that the receipts exist. The Kentucky Supreme Court denied discretionary review.

Potter then filed a petition [in federal court] for writ of habeas corpus under 28 U.S.C. [United States Code] § 2254, raising three claims for relief, including an ineffective-assistance-of-counsel claim based on trial counsel's failure to investigate when Potter purchased the purple vibrator (the "relevant ineffective-assistance claim"). The magistrate judge issued a report recommending that all three claims be dismissed and that no certificate of appealability be granted. On the relevant ineffective-assistance claim, the magistrate judge found that the claim was not exhausted, was otherwise procedurally defaulted, and lacked merit. However, the district court found that Potter had presented his claim to the state court and complied with [RCr] 11.42(2) by specifically setting forth the factual and legal basis for his ineffective-assistance claim. Therefore, the district court concluded that Potter's claim is not procedurally defaulted. On the merits of the claim, the district court found that the record was insufficient to determine whether trial counsel was ineffective and, because the state court had not decided the claim on the merits, ordered an evidentiary hearing.

*Potter v. Green*, 814 F. App'x 118, 119-20 (6th Cir. 2020) (citations and footnote omitted).

Additionally, the Federal Appellate Court reviewed the evidentiary hearing at which the U.S. District Court admitted numerous exhibits, and five witnesses testified, including Potter. *Id*. at 120. The U.S. Circuit Court stated that after the hearing and the filing of supplemental briefs, the U.S. District Court had found that Potter failed to establish deficient performance or prejudice, *id.* at 121,

-3-

and denied the ineffective-assistance claim under RCr 11.42. *Id.* at 122. The U.S. Circuit Court affirmed the U.S. District Court's judgment, stating "Potter ha[d] not overcome the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* at 125 (quoting *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 2065, 80 L. Ed. 2d 674 (1984)).

Thereafter, in Kentucky state court, Potter filed a motion to vacate his sentence pursuant to CR 60.02(e). In this motion, Potter – citing *Potter v. Green*, 814 F. App'x 118 (6th Cir. 2020) – argued that the U.S. District Court finding that he was entitled to an evidentiary hearing *in federal court* also required *the Kentucky state court* to conduct an evidentiary hearing and appoint new counsel. The McCracken Circuit Court denied the motion. Potter appealed.

## II.    STANDARD OF REVIEW

This Court reviews CR 60.02 motions under the abuse of discretion standard. *Bethlehem Mins. Co. v. Church and Mullins Corp.*, 887 S.W.2d 327, 329 (Ky. 1994) (citations omitted). "For a trial court to have abused its discretion, its decision must have been arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Grundy v. Commonwealth*, 400 S.W.3d 752, 754 (Ky. App. 2013) (citing *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

## III. ANALYSIS

On appeal, Potter outlines three "arguments" but each is rooted in the same legal claim: the McCracken Circuit Court erred by denying his *current* CR 60.02 motion because the U.S. District Court's factual finding – that an RCr 11.42 evidentiary hearing was merited – voids, vacates, and/or reverses *previous* state court judgments that denied his motion for an evidentiary hearing on his RCr 11.42 claim. Potter requests this Court to vacate the McCracken Circuit Court's order denying his CR 60.02 motion; vacate the McCracken Circuit Court's order denying his RCr 11.42 motion (not currently on appeal); and appoint new counsel to resume his previously dismissed RCr 11.42 claim.

To support his assertion, Potter points to the U.S. Circuit Court's recitation of facts of prior federal court proceedings:

> However, the district court found that Potter had presented his claim to the state court and complied with Rule 11.42(2) by specifically setting forth the factual and legal basis for his ineffective-assistance claim. Therefore, the district court concluded that Potter's claim is not procedurally defaulted. On the merits of the claim, the district court found that the record was insufficient to determine whether trial counsel was ineffective and, because the state court had not decided the claim on the merits, ordered an evidentiary hearing.

*Potter v. Green*, 814 F. App'x at 119-20.

True, the U.S. District Court found that Potter's RCr 11.42 claim was not procedurally defaulted under state law, contrary to a finding by a federal

magistrate judge and this Court. *Potter v. Green*, 814 F. App'x at 119. Therefore, Potter argues, he is entitled to an evidentiary hearing, not only in federal court, but in state court as well. Potter requests relief under CR 60.02(e) because he is under the impression that these federal opinions act to vacate his prior state court judgments. However, Potter should have kept reading.

In the opinion Potter relies upon, the U.S. Circuit Court affirmed the District Court which found that Potter's RCr 11.42 claim failed *on the merits*. *Potter v. Green*, 814 F. App'x at 121. The U.S. Circuit Court stated, "Following supplemental briefing, the district court found that Potter failed to establish deficient performance or prejudice." *Id*. Therefore, the U.S. District Court ultimately denied his ineffective-assistance claim after the hearing and supplemental briefing. *Id*. at 122. Again, the U.S. Circuit Court upheld the U.S. District Court's judgment, stating "Potter ha[d] not overcome the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id*. at 125 (citation omitted).

CR 60.02(e) states that a court may relieve a party from its final judgment if "the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application[.]" To say the federal court opinions here reversed or vacated the state court

judgments would be like saying a bird can fly without its wings. Contrary to Potter's belief, we should not cherry-pick the words of a court, but rather we read decisions as a whole. *See Moore v. Texas*, 586 U.S. ___, 139 S. Ct. 666, 672, 203 L. Ed. 2d 1 (2019) (reading a court's opinion "taken as a whole"); *see also United States v. Williams*, 68 F.4th 304, 309 (6th Cir. 2023) (The U.S. Circuit Court "read as a whole" the U.S. District Court's opinion.). The U.S. Circuit Court opinion that Potter relies upon – for its recitation of findings from the U.S. District Court – determined that although an evidentiary hearing was merited, Potter's state RCr 11.42 claim ultimately failed.

> In sum, mindful that our review of [Potter's legal counsel's] "performance must be highly deferential" and that we should resist the temptation to second-guess an attorney's strategic decisions after an adverse verdict or sentence, Potter has not overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S. Ct. 2052. Given the vagueness and breadth of the allegations against Potter, the multiple sex toys alleged to have been used that contained JA's DNA, the lack of any clear direction from Potter that a purple-vibrator receipt was ascertainable and potentially exculpatory, the evidence that [Potter's counsel] and her team investigated any potential leads, and the deference we owe to trial counsel's strategic decisions, Potter has not shown that [Potter's counsel's] investigation or strategy was unreasonable. Because Potter has not met the deficient-performance prong of the *Strickland* test, we need not consider whether Potter established prejudice. *Id.* at 697, 700, 104 S. Ct. 2052.

*Potter v. Green*, 814 F. App'x at 125.

Clearly, since the U.S. Circuit Court found that Potter did not prove a valid state RCr 11.42 claim, its opinion reciting as much does not act to reverse a state court judgment dismissing that same claim. Moreover, we note, even if the federal courts had found some validity to Potter's RCr 11.42 claim – which it certainly did not – we would not be bound by that finding. *LKS Pizza, Inc. v. Commonwealth ex rel. Rudolph*, 169 S.W.3d 46, 49 (Ky. App. 2005) (citations omitted) (This Court is "not bound by a federal court's interpretation of [Kentucky] state law."). Because the U.S. Circuit Court's decision did not reverse the state court's RCr 11.42 decision, Potter's new CR 60.02(e) claim lacks merit.

## IV. CONCLUSION

The trial court did not abuse its discretion when it denied Potter's CR 60.02 motion. The McCracken Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

James Carr Potter, II, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Matthew R. Krygiel
Assistant Attorney General
Frankfort, Kentucky