RENDERED: JANUARY 26, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0140-MR

HENRY JUNIE CRAWFORD, JR.            APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.     HONORABLE ANGELA MCCORMICK BISIG, JUDGE
ACTION NO. 07-CR-000418

COMMONWEALTH OF KENTUCKY            APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: CALDWELL, CETRULO, AND JONES, JUDGES.

CETRULO, JUDGE: Appellant Henry Junie Crawford Jr. ("Crawford"), *pro se*, appeals the order of the Jefferson Circuit Court denying his Kentucky Rule of Civil Procedure ("CR") 60.02 motion. After review, we reverse and remand for resentencing.

# I.    BACKGROUND

In 1990, an assailant hid in a victim's home and violently attacked her after she returned home. Despite DNA evidence, the crime remained unsolved for many years. In 2006, Crawford was incarcerated, and his DNA profile was entered into the Combined DNA Index System. Crawford's DNA matched the DNA profile of the swabs taken in the victim's sexual assault kit and police reopened an investigation. Eventually, Crawford was indicted on first-degree burglary, first-degree robbery, first-degree rape, first-degree sodomy, and for being a first-degree persistent felony offender.

In 2010, the matter proceeded to trial. Prior to trial, Crawford's defense counsel moved the trial court to apply the sentencing law in effect in 1990 – the time of the crime – including the 1990 violent offender statute. Presumably, this request took advantage of more lenient parole and life sentence calculations effective in 1990. The trial court granted that motion. Ultimately, Crawford was convicted on all counts and received a 200-year aggregate sentence.

Immediately after sentencing, Crawford challenged the legality of his 200-year sentence. He argued that while the law of the Commonwealth in 1990 allowed for a 200-year aggregate sentence, the sentencing statutes at the time of sentencing (in 2010) did not. He pointed out that Kentucky Revised Statute ("KRS") 532.110(1)(c) was enacted in 1998 and capped sentences at 70 years. In

denying Crawford's motion, the trial court noted that defense counsel had successfully moved, prior to trial, to proceed under 1990 law. The order granting that motion specifically applied to "any and all future proceedings." The trial court concluded that Crawford could not reverse that election.

On direct appeal to the Kentucky Supreme Court, Crawford raised five issues for review, one of which was his 200-year sentence. *Crawford v. Commonwealth*, No. 2010-SC-000645-MR, 2012 WL 601248 (Ky. Feb. 23, 2012). In relevant part, Crawford claimed "the trial court erred in refusing to apply the statutory penalty cap contained in KRS 532.110(1)(c)." *Id.* at *4. However, our Supreme Court affirmed the judgment of the trial court, finding that "[Crawford's] claim can be rejected because he did not expressly consent to application of the more recent law[;]" he specifically requested application of the 1990 law; and his motion was untimely. *Id.* at *5.

In July 2022,[1] Crawford filed a motion before the Jefferson Circuit Court to vacate his sentence pursuant to CR 60.02(e) and (f). Crawford argued that his 200-year sentence should be reduced to the statutory 70-year cap based on

---

[1] In the interim, Crawford also filed an unsuccessful Kentucky Rules of Criminal Procedure ("RCr") 11.42 motion claiming multiple instances of ineffective assistance of trial counsel. *See Crawford v. Commonwealth*, No. 2013-CA-000816-MR, 2015 WL 1968775 (Ky. App. May 1, 2015) and *Crawford v. Commonwealth*, No. 2017-CA-001354-MR, 2019 WL 1870672 (Ky. App. Apr. 26, 2019).

recent precedent.  The trial court disagreed and denied the motion.  Crawford

appealed.

## II.    STANDARD OF REVIEW

This Court reviews CR 60.02 motions under the abuse of discretion

standard.  *Bethlehem Mins. Co. v. Church & Mullins Corp.*, 887 S.W.2d 327, 329

(Ky. 1994) (citations omitted).  "The test for abuse of discretion is whether the trial

judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal

principles."  *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations

omitted).

## III.   ANALYSIS

The relevant portion of CR 60.02 provides:

> On motion a court may, upon such terms as are just, relieve
> a party or his legal representative from its final judgment,
> order, or proceeding upon the following grounds:  . . . (e)
> the judgment is void, or has been satisfied, released, or
> discharged, or a prior judgment upon which it is based has
> been reversed or otherwise vacated, or it is no longer
> equitable that the judgment should have prospective
> application; or (f) any other reason of an extraordinary
> nature justifying relief.

Crawford argues that his 200-year sentence is illegal because – at the time of sentencing – the statutory maximum allowed under KRS 532.110(1)(c)[2] was 70 years. Based upon our reading of current caselaw, we agree.

In *McClanahan v. Commonwealth*, 308 S.W.3d 694, 696-97 (Ky. 2010), a defendant entered a guilty plea that included 10 years' imprisonment *and* a "hammer clause" subjecting him to 40 years' imprisonment if he breached the terms of the plea. When the defendant breached his conditions, the hammer clause was triggered, and the defendant was sentenced to 35 years' imprisonment. *Id*. at 697. This was 15 years beyond the 20 year maximum penalty permitted by statute. *Id*. at 699. Our Supreme Court held that a trial court had no authority to impose a sentence outside the statutory range, despite the plea deal. *Id*. at 701-02. Further, the Court found that "[a] sentence that lies outside the statutory limits is an illegal sentence, and the imposition of an illegal sentence is inherently an abuse of discretion." *Id*. at 701.

Notably, *McClanahan* was decided two years *before* Crawford's direct appeal, *Crawford*, 2012 WL 601248, but *McClanahan* was not mentioned in that decision. Normally, that would imply discussion of *McClanahan* is now

---

[2] "The aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed. In no event shall the aggregate of consecutive indeterminate terms exceed seventy (70) years[.]" KRS 532.110(1)(c).

unnecessary. However, *Phon v. Commonwealth*, 545 S.W.3d 284 (Ky. 2018),

builds on *McClanahan* and is our current, binding precedent. *Phon* is a Kentucky

Supreme Court decision – published six years *after* Crawford's direct appeal – that

turned the ideas discussed in *McClanahan* into what appears to be "a bright-line

rule with no exception[.]" *Duncan v. Commonwealth*, 640 S.W.3d 84, 92 (Ky.

App. 2021) (Acree, J., concurring).[3] In fact, *Phon* specifically discusses

sentencing in regard to consent and procedural timeliness, the two aspects our

Supreme Court relied upon in Crawford's direct appeal.

   In *Phon*, the defendant entered a home and shot three people, two of

whom died. 545 S.W.3d at 289. The defendant was indicted on two counts of

murder, first-degree assault, first-degree robbery, and first-degree burglary. *Id*.

The Commonwealth sought the death penalty, and in hopes of escaping that

penalty, the defendant entered a guilty plea and argued mitigation to a jury at

sentencing. *Id*. "Due to the recently-passed 1998 House Bill 455 in Kentucky, the

sentence of LWOP [life imprisonment without the possibility of parole] was a new

statutory punishment." *Id*. The defendant consented to LWOP being available to

---

[3] "[W]e can look to the Supreme Court of Kentucky's decision in *Phon* and readily conclude *McClanahan*'s change in the law alone constitutes strong equities. In *Phon*, our Supreme Court held courts could not uphold any sentence that lasts longer than the statutory maximum punishment. *Phon*, 545 S.W.3d at 302. This appears to be a bright-line rule with no exception and, therefore, *Phon* implicitly greenlights the majority's decision to retroactively apply *McClanahan*. Anything short of a bright-line rule here likely violates the separation of powers doctrine enshrined in Sections 27 and 28 of the Kentucky Constitution. *Id*. at 302-03." *Id.*

the jury as a sentencing option. *Id.* Ultimately, the trial court imposed the jury's

recommended sentence of LWOP. *Id.* However, the defendant later challenged

the sentence; he argued that recent precedent had clarified that at the time of

sentencing, life imprisonment without benefit of parole for 25 years ("LWOP 25")

was the maximum statutory sentence for a juvenile offender. *Id.* at 299. On

appeal, this Court agreed, but held that the defendant had failed to timely raise the

issue. *Id.* The Kentucky Supreme Court granted discretionary review.[4] *Id.* at 290.

Our Supreme Court stated that at the time the defendant "was

sentenced, KRS 640.040 . . . stated that '[a] youthful offender convicted of a

capital offense regardless of age may be sentenced to a term of imprisonment

appropriate for one who has committed a Class A felony and may be sentenced to

[LWOP 25].'" *Id.* at 300. "[A]fter the legislature added LWOP as a potential

penalty in the penal code, LWOP was never added as an enumerated sentence

within this portion of the juvenile code." *Id.* Therefore, the Court found that at the

time of the defendant's sentencing, LWOP 25 was "the maximum permissible

sentence and LWOP was not allowable under the juvenile code." *Id.* at 301.

Further, the Court stated it could not condone an illegal sentence and

focused its analysis on the separation of powers doctrine. *Id.* at 302-03 (quoting

---

[4] The Kentucky Supreme Court addressed both the constitutional and statutory validity of the defendant's sentence. As Crawford only challenges the *statutory* validity of his sentence, we will not discuss the constitutional argument in *Phon*.

*Prater v. Commonwealth*, 82 S.W.3d 898, 907 (Ky. 2002)). The Court pointed out that setting punishments for crimes is a legislative function and implementing a sentence within the legislative range is the role of the judiciary; therefore, a constitutional violation of separation of powers occurs when the judiciary delivers a sentence beyond the statutory legislative range. *Id.* at 303. "Under our Constitution, it is the legislative branch that by statute establishes the ranges of punishments for criminal conduct. It is error for a trial jury to disregard the sentencing limits established by the legislature[.]" *Id.* (internal quotation marks and citation omitted). Accordingly, the judiciary *does not have the discretion* to sentence outside the statutory maximum. *Id.* "When a trial court sentences a defendant outside lawful confines, it has overstepped into the arena of legislative action." *Id.*

We find the holding in *Phon* to be binding here, despite the factual distinctions in *types of consent*[5] at play. In *Phon*, the defendant's counsel specifically requested the inclusion of LWOP as a sentence *with* the defendant's consent; however, the Court still determined that it could not condone the illegal sentence. 545 S.W.3d at 303 (citation omitted). In fact, "a defendant's consent to an unlawful sentence is irrelevant." *Id.* at 302 (citation omitted). The appeal

---

[5] In *McClanahan*, the defendant consented – via a plea deal – to a sentence beyond the statutory maximum; however, the Court found that a sentence that lies outside the statutory limits – even one within a plea deal – is still an illegal sentence. *McClanahan*, 308 S.W.3d at 701.

before us today deals with consent to application of prior laws, as requested before trial. However, building upon the consent concept in *Phon*, Crawford's consent to the use of prior sentencing guidelines does not permit the trial court to sentence beyond the statutory guidelines. At the time Crawford was sentenced, KRS 532.110(1)(c) capped aggregate sentences at 70 years. Consequently, as in *Phon*, Crawford's sentence was illegal because it was beyond the statutory limits at the time of sentencing. *See Phon*, 545 S.W.3d at 307 (citing *McClanahan*, 308 S.W.3d at 701).

The Commonwealth argues that Crawford's sentence was not *illegal* because he consented to the application of earlier law and that law did not contain a 70-year cap. Therefore, the Commonwealth argues, Crawford should be bound by the law he requested. While that argument holds water, it is not enough to sink the precedent established by *Phon*. Again, *Phon* states that the defendant's consent to an illegal sentence does not negate our obligation to maintain the separation of powers doctrine. *Phon*, 545 S.W.3d at 302. "Our courts must not be complicit in the violation of the public policy embedded in our sentencing statutes by turning a blind eye to an unlawful sentence, regardless of a defendant's consent." *Id.* (internal quotation marks omitted) (quoting *McClanahan*, 308 S.W.3d at 701).

Next, the Commonwealth argues that Crawford's 200-year sentence must stand because we are bound by the Kentucky Supreme Court's affirmation of

that sentence – be it right or wrong – in Crawford's direct appeal. In relevant part, our Supreme Court found in that appeal:

> KRS 446.110 permits a defendant to take advantage of a subsequent change in the law as to punishment: "If . . . any punishment is mitigated by any provision of the new law, such provision may, by consent of the party affected, be applied to any judgment pronounced after the new law takes effect." . . . [Crawford's] claim can be rejected because he did not expressly consent to application of the more recent law. . . . In fact, he specifically requested application of the 1990 law.

*Crawford*, 2012 WL 601248, at *5.

True, normally, if the Supreme Court addresses a matter in a direct appeal, that is the end of the conversation. Kentucky Supreme Court Rule 1.030(8)(a). Nonetheless, this may be the *very rare* exception. *Phon* seems to leave us with no option but to correct Crawford's illegal sentence. "When an appellate court chooses not to correct [an] unlawful order, even if it is not brought to the attention of the Court until many years later, it becomes complicit in that breach of the confines of the judiciary power." *Phon*, 545 S.W.3d at 303. "[A]n illegal sentence cannot stand uncorrected." *Id*. at 302. Additionally, we note, *Phon* was decided six years *after* Crawford's direct appeal.

Finally, the Commonwealth argues that Crawford's appeal was not timely, but that argument fails as well. Under these limited circumstances, the defendant's timeliness in challenging the illegal sentence is "immaterial." *Id*. at

-10-

303. Unlike an attack on an underlying conviction, "illegal sentences are considered void and correctable at any time[.]" *Id.* at 305. "We have otherwise consistently recognized that sentences falling outside the permissible sentencing range cannot stand uncorrected." *McClanahan*, 308 S.W.3d at 700.

In light of *Phon*, Crawford's sentence was illegal because it was outside the statutory limits in place at the time of sentencing and therefore it was void. *Phon*, 545 S.W.3d at 304. This reading of *Phon* is consistent with binding, recent precedent[6] and persuasive, unpublished caselaw.[7] In particular, we are guided by *Duncan v. Commonwealth*, 640 S.W.3d 84 (Ky. App. 2021). In *Duncan*, the defendant entered a conditional guilty plea, and the Commonwealth recommended a sentence of 27 years. *Id.* at 85-86. After accepting the plea, the trial court imposed the recommended sentence. *Id.* at 86. Fifteen years later, the defendant filed a CR 60.02 motion arguing that his sentence exceeded the statutory 20-year limit. *Id.* The trial court denied his motion, finding that *McClanahan* could not be applied retroactively, and the defendant was bound by the terms of his plea agreement. *Id.* at 88. On appeal, this Court found that *McClanahan* should

---

[6] *See Commonwealth v. Moore*, 664 S.W.3d 582, 589-90 (Ky. 2023) (The case is factually distinct, but a short sentencing discussion is consistent with our reading of *Phon*.).

[7] *See Berry v. Commonwealth*, No. 2020-CA-0046-MR, 2021 WL 2484036 (Ky. App. Jun. 18, 2021); *Sutherland v. Commonwealth*, No. 2019-CA-000752-MR, 2020 WL 598305 (Ky. App. Feb. 7, 2020); *Batey v. Commonwealth*, No. 2020-CA-0799-MR, 2021 WL 5750943 (Ky. App. Dec. 3, 2021); *Strunk v. Commonwealth*, No. 2022-CA-0900-MR, 2023 WL 5808902 (Ky. App. Sep. 8, 2023).

have been retroactively applied in light of the Supreme Court's decision in *Phon*. *Id*. This Court found that it was, in fact, constrained by *McClanahan* and *Phon*. *Id*. at 89. As a result, the Court vacated the excess portion of the defendant's sentence and remanded the case for resentencing not to exceed the statutory maximum permissible at the time he entered his guilty plea. *Id*.

We are compelled to conclude that the trial court's order denying Crawford's motion for a corrected sentence was unsupported by sound legal principles and consequently an abuse of discretion. *See Phon*, 545 S.W.3d at 307 (quoting *McClanahan*, 308 S.W.3d at 701) ("A sentence that lies outside the statutory limits is an illegal sentence, and the imposition of an illegal sentence is inherently an abuse of discretion."). Illegal sentences are correctable, *id.* at 307, and consequently, here, resentencing is required.

## IV. CONCLUSION

Crawford's illegal sentence is void only as to the *excess portion* of his sentence, *i.e.*, that portion beyond the limits authorized by statute. Therefore, we REVERSE the Jefferson Circuit Court order and REMAND this matter for correction of the illegal sentence and imposition of a legal sentence which does not exceed the 70-year aggregate provided in KRS 532.110(1)(c).

CALDWELL, JUDGE, CONCURS.

JONES, JUDGE, DISSENTS AND DOES NOT FILE SEPARATE

OPINION.


| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Matthew M. Robinson<br>Covington, Kentucky | Daniel Cameron<br>Attorney General of Kentucky |
| | Joseph A. Beckett<br>Assistant Attorney General<br>Frankfort, Kentucky |