RENDERED: FEBRUARY 23, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0831-MR

JAMES C. SAVAGE                                                    APPELLANT


APPEAL FROM MUHLENBERG CIRCUIT COURT
v.          HONORABLE BRIAN WIGGINS, JUDGE
ACTION NOS. 07-CR-00174 AND 08-CR-00022


COMMONWEALTH OF KENTUCKY                                          APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; EASTON AND GOODWINE, JUDGES.

EASTON, JUDGE: In his fifth appeal on these cases, the Appellant ("Savage")

insists the circuit court erred in denying his latest CR[1] 60.02 motion. We review

the circuit court's decision on such a motion for an abuse of discretion. *Brown v.*

---

[1] Kentucky Rules of Civil Procedure.

*Commonwealth*, 932 S.W.2d 359, 362 (Ky. 1996). Finding no legal error or other abuse of discretion, we affirm.

Savage committed an armed robbery at a pharmacy. This crime impacted the lives of seven employees. This was not Savage's first armed robbery. *See Savage v. Commonwealth*, 920 S.W.2d 512 (Ky. 1995). After this latest robbery, Savage escaped from incarceration while receiving treatment at a dentist's office. Although facing a potential total of seventy years or a life sentence for his crimes, Savage negotiated for a total sentence of 25 years, close to the minimum possible.

Savage's prior four appeals have all been unsuccessful: No. 2009-CA-000353-MR, 2010 WL 1926382 (Ky. App. 2010) (denial of RCr[2] 11.42 motion); No. 2013-CA-001335-MR, 2014 WL 4377899 (Ky. App. 2014) (denial of claim of illegal sentence, explaining that the twenty-five year sentence did not involve a sentence for PFO[3] as a separate offense but was rather an enhancement); No. 2014-CA-000440-MR, 2014 WL 7206829 (Ky. App. 2015) (the required adding of two years to parole eligibility due to escape conviction was proper); No. 2014-CA-001855-MR, 2015 WL 5648538 (Ky. App. 2015) (later correction of clerical error in count numbers in judgment imposing sentence was proper).

---

[2] Kentucky Rules of Criminal Procedure.

[3] Persistent Felony Offender.

A CR 60.02 motion may not be used to relitigate issues which "were or could have been litigated" in prior proceedings. *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997). As this Court has explained to Savage before, CR 60.02 does not authorize multiple bites of the same apple. Savage has tried to suggest new issues, but this is illusory.

For example, Savage appears to now question his sentencing based on his prior felony record. There is no question that Savage was a PFO 1st offender. In addition to his prior armed robbery, he committed a subsequent felony involving contraband while in prison. *See Savage v. Commonwealth*, No. 2005-CA-000839-MR, 2006 WL 1291738 (Ky. App. 2006). Asserting a new take on his arguments about an illegal sentence, Savage argues the Commonwealth could not use a felony for his status with respect to the possession of a handgun and also use the same felony for his PFO status.

To support this argument, which certainly could have been raised in his prior motions, Savage cites a case[4] which had been overruled even before he entered his guilty plea. A felony used to establish the felon status for the handgun charge can also be used to establish the PFO status so long as the handgun charge was not again enhanced with the PFO status based on the same felony used for the

---

[4] *Boulder v. Commonwealth*, 610 S.W.2d 615 (Ky. App. 1980), *overruled by Dale v. Commonwealth*, 715 S.W.2d 227 (Ky. 1986).

handgun charge. *Dale v. Commonwealth*, 715 S.W.2d 227 (Ky. 1986) (involving felon in possession of handgun and robbery convictions like the present case). Not only was Savage's handgun sentence not PFO enhanced, but he also received the minimum sentence of five years for that crime.

Relying on *Duncan v. Commonwealth*, 640 S.W.3d 84 (Ky. App. 2021), Savage thinks he has the right to a new review because his first supposedly illegal sentence was void *ab initio*. *Duncan* involved a sentence which exceeded the maximum allowed by statute. Savage's case does not. A case Savage cites shows that, even with such an illegal sentence, the remedy is simply to correct it. *Phon v. Commonwealth*, 545 S.W.3d 284 (Ky. 2018). As a result of all his prior motions and appeals, there is nothing left to correct. This has already been done.

Savage then insists that reversal is required because the circuit court did not weigh the equities in denying his last CR 60.02 motion. Savage cites *Dull v. George*, 982 S.W.2d 227 (Ky. App. 1998). We question the citation of this civil case about child custody, where there had been no prior CR 60.02 efforts, to support Savage's arguments about his latest motion. When a motion does not make it past the bar of a proper first-time motion, weighing of equities would be superfluous. Even so, it is specious for Savage to suggest that the equities would favor him as opposed to the Commonwealth and the victims of his crimes, who would be compelled to revisit this case over fifteen years after its proper finality.

Savage's latest motion addresses matters which were or could have been addressed in prior proceedings. The latest motion was filed years after the prior such motion. It was not filed within a reasonable time as required by CR 60.02. The latest motion also has no merit, and Savage cannot overcome the law of this case as established through his numerous prior motions and appeals. The Muhlenberg Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

James C. Savage, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky